**Roger GARZA et al., Plaintiffs,**

v.

**O. B. GATES et al., Defendants.**

**Civ. A. No. SA 79 CA 413.**

United States District Court,
W. D. Texas,
San Antonio Division.

Jan. 25, 1980.

Joaquin Avila, Mexican American Legal Defense Fund, San Antonio, Tex., for plaintiffs.

George H. Spencer, Clemens, Spencer, Welmaker & Finck, San Antonio, Tex., for defendants.

Before RANDALL, Circuit Judge, and SPEARS and SUTTLE, District Judges.

### ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

PER CURIAM.

Came on for consideration this day Plaintiffs' Motion for a Preliminary Injunction enjoining the 1980 election process for the election of Atascosa County Commissioners, until an apportionment plan is adopted that has secured preclearance under the Voting Rights Act, as amended.

The threshold question to be decided is whether or not the Attorney General filed his objection to the 1973 redistricting plan submitted by the County within the 60-day period required by 42 U.S.C. § 1973c. The Attorney General's objection letter dated December 7, 1979, states that "[o]ur records indicate that, to date, the submission of these changes has not been completed in spite of our letters dated January 26, 1977, and August 11, 1977, in which we requested information and clarification necessary to complete our review. . . . Specifically, answers to our inquiries concerning the demography of the commissioners' precincts, the discrepancy detailed in question No. 4 of our August 11, 1977 letter and the results of elections in which minority candidates participated (question No. 3, letter dated January 26, 1977) would have enabled us to evaluate the proposed plan on its own

merits, as well as compare it to the pre-existing districts, and would have allowed us to study the voting patterns in Atascosa County in order to assess the effect of the submitted plan on minority voters. Failure of the County to provide this information has not allowed us to discharge this responsibility."

We turn first to the information which the Department of Justice asserts, in its objection letter, was not submitted. The chain of events, as indicated by exhibits furnished by Plaintiffs and Defendants, is as follows:

(1) The initial submission made to the Department of Justice by the County was received on December 8, 1976.

(2) On January 26, 1977, the Department of Justice sent to the County the first "More Information" letter. Paragraph 1 of that letter requested information with respect to the number or percent of black or Spanish-heritage residents of each of the precincts in Atascosa County.

(3) On August 11, 1977, the Department of Justice sent a second "More Information" letter, requesting in Paragraph 1 thereof information with respect to the total population and breakdown, by race, for each of the Commissioners' precincts prior to the redistricting (which was effective January 1, 1973).

(4) On August 19, 1977, the County Attorney wrote to the Census Bureau. The County Attorney's letter to the Census Bureau begins with the following two sentences:

"This office has the responsibility of gathering information in behalf of the Commissioners Court in order that they may reply to certain questions asked by the United States Justice Department relative to the Voting Rights Act of 1965.

Atascosa County does not have the facilities, finances nor a separate office in which the information desired by the Justice Department can be obtained.
. . . ."

The letter goes on to request, *inter alia*, the information referred to in Paragraph 1 of the second "More Information" letter.

(5) On August 22, 1977, the County Attorney forwarded to the Department of Justice a copy of his letter to the Census Department dated August 19, 1977.

(6) In mid-September, 1977, the County Attorney received a letter dated September 14, 1977, from the Census Bureau advising him that the information which he had requested was not available.

The County Attorney testified that he advised the Department of Justice by telephone [1] in late October or early November, 1977, that the information requested by him from the Census Bureau was not available and that no further information was available. Plaintiffs argue that only the unavailability of the information requested in Paragraph 1 of the second "More Information" letter was covered in the telephone call of late October or early November of 1977, and that the Department of Justice was never advised that the information requested in Paragraph 1 of the first "More Information" letter was unavailable. We note that the information requested in Paragraph 1 of the first letter differs from

---

1. The original submission by the County, dated December 8, 1976, was in letter form, as contemplated (but not mandated) by 28 C.F.R. § 51.5; however, even though the same procedure was followed in the correspondence dated January 26, 1977, June 8, 1977, August 11, 1977, August 25, 1977, and December 7, 1979, the evidence clearly reflects that the telephone was also used a number of times by the Department of Justice in communicating with the county officials, and *vice versa*. So, the use of the telephone by the County Attorney on this occasion was not at all unusual. On the contrary, it had become an accepted practice dur-

ing the submission process. Although we are unwilling, under the circumstances of this case, to hold that the failure of the County to advise the Department of Justice *in writing* with respect to the unavailability of the additional information requested justifies a delay of two and one-half years in the filing of the objection by the Attorney General on December 7, 1979, we do strongly suggest that confirmation in writing of telephone conversations by all concerned would serve to greatly reduce, if not entirely eliminate, lawsuits of this nature in the future.

the information requested in Paragraph 1 of the second letter not by type but by the period covered. Both letters requested information with respect to the ethnic background of the residents of voting precincts in Atascosa County. The Department of Justice categorizes the information requested in both letters as "concerning the demography of the commissioners' precincts." In our opinion, the Department of Justice was on notice when it received a copy of the letter of August 19, 1977, from the County Attorney to the Census Bureau that the County did not have information of this type. When a representative of the Department. of Justice received the telephone call from the County Attorney in late October or early November, 1977, he was advised that information of this type was not available from the Census Bureau and would, therefore, not be forthcoming.[2] In the absence of any controverting testimony from representatives of the Department of Justice, we find that the Department of Justice was advised in late October or early November of 1977 that the information requested in Paragraph 1 of both "More Information" letters was not available. Turning to the other information which the December 7, 1979 objection letter lists as missing, the County Attorney also testified that he explained, in his telephone call in late October or early November 1977, the discrepancy detailed in question No. 4 of the second "More Information" letter; and the County Clerk testified that she advised the Department of Justice by telephone in early 1977 of the results of elections in which minority candidates participated (question No. 3 in the first "More Information" letter). Accordingly, we are of the opinion that the submission process was completed in late October or early November 1977, and that the 60-day time clock started running at that time. Since the Attorney General failed to interpose an objection within the 60-day period, the reapportionment scheme became effective.[3] 42 U.S.C. § 1973c. *Garcia v. Uvalde County*, 455 F.Supp. 101 (W.D. Tex.1978), *aff'd*, 439 U.S. 1059, 99 S.Ct. 821, 56 L.Ed.2d 26 (1979); *Woods v. Hamilton*, 473 F.Supp. 641, 647–49 (D.S.C.1979). Accordingly, Plaintiffs have failed to satisfy the Court that they are likely to succeed on the merits of their case. It is, therefore,

ORDERED, ADJUDGED and DECREED that the Plaintiffs' Motion for a Preliminary Injunction enjoining the 1980 election process for the election of Atascosa County Commissioners until an apportionment plan is adopted that has secured preclearance under the Voting Rights Act, as amended, be, and the same is hereby, DENIED.

---

2. We note that *Garcia v. Uvalde County*, 455 F.Supp. 101 (W.D.Tex.1978), *aff'd*, 439 U.S. 1059, 99 S.Ct. 821, 56 L.Ed.2d 26 (1979), was decided by this Court on April 20, 1978. In that case, the County Judge advised the Attorney General in May 1976 that Uvalde County could not supply the same type of information as was requested with respect to Atascosa County in this case.

3. In *Garcia* the Attorney General interposed an objection approximately 205 days after the submission process started and in *Woods* the Attorney General interposed an objection over 210 days after all the available information was received. The lapse of a much longer period of time here suggests an incredible and inexcusable lack of diligence on the part of the Department of Justice, especially in light of the fact that the *Garcia* opinion was handed down on April 20, 1978.